IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEABRIGHT INSURANCE COMPANY, as Subrogee of EBBEN MASONRY, INC., SEABRIGHT INSURANCE COMPANY, as Subrogee of JONATHAN WASSAM, and JONATHAN WASSAM,<br><br>Plaintiffs,<br><br>vs.<br><br>JLG INDUSTRIES, INC., BALLUFF, INC., LULL INTERNATIONAL, INC., LULL MANUFACTURING COMPANY, LULL MANUFACTURING CORPORATION and LULL INDUSTRIES, INC.,<br><br>Defendants. | Case No. 11 C 2424 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs Seabright Insurance Company (Seabright), Ebben Masonry, Inc. (Ebben), and Jonathan Wassam (Wassam) filed suit against JLG Industries, Inc. (JLG), Balluff, Inc. (Balluff), Lull International, Inc., Lull Manufacturing Company, and Lull Manufacturing Corporation (collectively, Lull) in the Circuit Court of Cook County, asserting various state law claims. Defendants removed the case to this Court on the basis of diversity jurisdiction. Plaintiffs ask the Court to remand this case to the Circuit Court of Cook County. For the following reasons, the Court denies plaintiffs' motion.

## Facts

Plaintiffs filed suit in the Circuit Court of Cook County on March 4, 2011. Seabright is a citizen of Illinois and of Washington, and Ebben and Wassam are citizens of Illinois. The defendants are each citizens of states other than Illinois and Washington.

Balluff was the first defendant to be properly served with summons, on March 9, 2011. Two days later, on March 11, 2011, both JLG and Lull were properly served. On April 11, 2011, defendants removed the case to this Court. Their notice was defective, so the Court ordered them to correct the defects or face remand. They filed an amended notice of removal on April 14, 2011. There is complete diversity of citizenship, and the amount in controversy exceeds $75,000.

Plaintiffs have moved to remand the case to the Circuit Court of Cook County. They argue that defendants' notice of removal was untimely because it was filed after the thirty-day period for removal expired.

## Discussion

"As the part[ies]y seeking to invoke federal jurisdiction, [defendants] bear[ ] the burden of demonstrating that removal is proper." *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). A defendant has thirty days from the service of the summons to remove the case to federal court. 28 U.S.C. § 1446(b). "If the suit names multiple defendants, it may not be removed unless all the defendants consent to removal." *Save-A-Life Found., Inc. v. Heimlich*, 601 F. Supp. 2d 1005, 1007 (N.D. Ill. 2009); *see also Phoenix Container, L.P. v. Sokoloff,* 235 F.3d 352, 353 (7th Cir. 2000) (joinder by all defendants in a notice of removal is an "essential step").

By the time defendants filed their notice of removal, thirty-three days had passed from the time Balluff was served with summons. Because the time for Balluff to remove had expired, and because Balluff's consent was required for JLG and Lull to remove the case, plaintiffs argue that the notice of removal was untimely.

"Section 1446 does not address whether a later-served defendant can obtain consent for removal from a defendant who was served earlier and for whom the time to remove has already expired." *Save-A-Life Found.*, 601 F. Supp. 2d at 1007-1008 (citing *Boyd*, 366 F.3d at 529-30). In addition, neither the Supreme Court nor the Seventh Circuit has directly addressed this issue.

Courts that have addressed this issue are split regarding whether the time clock starts from the date the first defendant is properly served or from the date later defendants are properly served. Some courts have chosen to adopt the so-called "first-served defendant" rule. *E.g.*, *Barbour v. Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am.*, No. 08-1740, 2011 WL 242131, at *7 (4th Cir. Jan. 27, 2011) ("[A] timely notice of removal must be filed within thirty days of service on the first-served defendant."); *Brown v. Demco, Inc.*, 792 F.2d 478, 481-82 (5th Cir. 1986); *Phoenix Container, L.P. v. Sokoloff*, 83 F. Supp. 2d 928, 933 (N.D. Ill. 2000); *Scialo v. Scala Packing Co.*, 821 F. Supp. 1276, 1278 (N.D. Ill. 1993).

Some courts, however (including the undersigned judge), have rejected the first-served defendant rule and have adopted the what one might call the "later-served defendant" rule to govern the timing of removal when defendants are served on different dates. *E.g.*, *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1203 (11th Cir. 2008); *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001);

3

*Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999); *Eltman v. Pioneer Commc'ns of Am.*, 151 F.R.D. 311, 317 (N.D. Ill. 1993). Under this rule, each defendant is allowed to remove to federal court – with the consent of the other served defendants – within thirty days of when it is properly served, irrespective of whether the time for an earlier-served defendant to remove has expired. *Save-A-Life Found.,* 601 F. Supp. 2d at 1009. Defendants contend that the "later-served defendant" rule applies and that as a result, their notice of removal was timely because it was filed within thirty days after service of summons on Lull and JLG.

In *Save-A-Life Foundation*, this Court adopted the later-served defendant rule. Specifically, the Court concluded that "[e]ach defendant in a case is entitled to removed an action from state to federal court, regardless of whether earlier-served defendants declined to do so, so long as all defendants consent to removal." *Id*. Having considered plaintiffs' arguments in the present case, the Court is unpersuaded that the first-served defendant rule that plaintiffs advocate is the appropriate standard.

Though Section 1446(b) does not address whether a later-served defendant may obtain consent from an earlier-served defendant whose time has already expired, use of the later-served defendant rule comports with the language of the removal statute:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by **the defendant**, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of the summons upon **the defendant** if such initial pleading has been filed in court and is not required to be served on **the defendant**, whichever period is shorter.

28 U.S.C. § 1446(b) (emphasis added). The statute's use of the term "the defendant" indicates that the time clock for removal is applied on a defendant-by-defendant basis.

Consistent with this reading, the later-served defendant rule allows each defendant, upon receipt of service, a full thirty days to remove the case to federal court. The first-served defendant rule, by contrast, is contrary to the statutory language because it does not give "the defendant" thirty days from service to remove the case to federal court. Indeed, in some cases – those in which the later-served defendant is served more than thirty days after the first-served defendant – the later defendant would be completely deprived of the ability to remove the case, a result that is difficult to square with the language of section 1446(b).

Advocates of the first-served defendant rule say that application of the later-served defendant rule gives an earlier-served defendant that bypassed the opportunity for removal another chance after expiration of that defendant's thirty-day period. *See, e.g., Barbour*, 2011 WL 242131 at *13 ("that defendant gets another bite at the apple simply because he is part of a multiple-defendant case."). This Court is not persuaded by this argument. The unanimity requirement only gives an earlier-served defendant the ability to consent to another defendant's removal of the case, not the ability to remove the case on its own.[1] In any event, the counterpoint to this argument in favor of the first-defendant rule is that if that rule governs, a plaintiff hoping to defeat removal would be able to manipulate the timing of service on different defendants to defeat a later-served defendant's ability to remove the case.

Along the same lines, use of the first-served defendant rule creates practical problems arising from the fact that service of a summons often does not appear on court dockets right away, because docketing of the return of service is dependent upon

---

[1] In any event, the unanimity requirement is a court-made rule that does not trump the statutory language that Congress adopted in section 1446(b).

the action of the plaintiff or the process server. For this reason, a later-served defendant wishing to remove the case to federal court may be left in the dark regarding the amount of time it has (if any) to remove the case and would be forced to track down other named defendants to determine if and when they were served. *See Save-A-Life Found.*, 601 F. Supp. 2d at 1010 (The later-served defendant "approach is also more equitable than the first-served defendant rule, because it does not render a later-served defendant's right to removal subject to the actions of earlier-served defendants and the frequent vagaries involved in the timing of service.").

For these reasons, the Court concludes that the fact that Balluff did not remove the case to federal court within thirty days of service did not preclude JLG and Lull from doing so within thirty days after they were served with summons.

## Conclusion

The Court denies plaintiffs' motion to remand [docket no. 11].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 20, 2011